IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PADDY LIEDMAN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 10-05443 |
| TARA KNIZER, ET AL., | : | |
| Defendants. | : | |

**M E M O R A N D U M**

**Stengel, J.**                                                                                                   **March 21, 2012**

      This action stems from an automobile accident that occurred in 2008 in Philadelphia, PA. Plaintiff's original Complaint was dismissed for lack of service and was later reinstated. Defendant now seeks to dismiss the reinstated Complaint based on plaintiff's lack of good cause for delay in perfecting service. For the reasons set forth below, I will grant defendant's motion and dismiss the action for failure to timely serve defendant.

**I.**   **Background**

      Plaintiff filed her Complaint on October 15, 2010, alleging that defendant, Ms. Tara Knizer, negligently caused an automobile accident on or about October 23, 2008, which caused plaintiff injury. At the time of the accident, defendant provided police with an address in Bensalem, PA. Plaintiff's counsel used this address to send service of process on October 25, 2010, but was advised that the defendant had moved. On February 11, 2011, plaintiff's counsel sent a requested driver information form to the Pennsylvania Department of Transportation. On February 25, 2011, the Department of

1

Transportation provided plaintiff with a new address for the defendant, who had relocated to Pittsburgh.

On March 7, 2011, this Court dismissed the Complaint without prejudice under Rule 4(m) for failure to serve the Complaint.  The next day plaintiff's counsel sent the summons and the complaint to the defendant by regular and certified mail.  On March 14, 2011, defendant hired her attorney, who could not enter his appearance because the case was closed.  However, counsel for the defendant notified plaintiff's attorney that he was representing Ms. Knizer.  On July 22, 2011, plaintiff filed a motion, which was unopposed, to reinstate the Complaint and for an extension of time to serve the defendant.  This Court granted the plaintiff's motion on September 1, 2011 and ordered that the defendant be served within thirty (30) days.  Although counsel for the defendant had advised plaintiff's attorney that he was representing the defendant, he never received notification of plaintiff's motion to reinstate.

On October 15, 2011, forty-five (45) days after the Order granting thirty (30) days to perfect service was issued, the defendant was personally served in her home in Pittsburgh.  Defendant then filed a motion to strike the order of reinstatement and dismiss the Complaint.  A few days later, on November 9, 2011, the case was stayed for sixty (60) days so that the plaintiff could obtain new counsel.  Approximately ninety (90) days later, on February 9, 2011, new counsel for plaintiff entered his appearance and filed a

motion in opposition to defendant's motion to strike reinstatement and dismiss the complaint.[1]

## II. Discussion

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." United States ex rel. Landsberg v. Levinson, 2006 U.S. Dist. LEXIS 100089, 22-23 (W.D. Pa. Mar. 7, 2006) (citing United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)). Under Rule 4(m), the court shall dismiss an action without prejudice if the plaintiff has failed to make proper service of summons and complaint upon the defendant within 120 days. See FED. R. CIV. P. 4(m). The court shall extend this time if the plaintiff shows good cause for the failure to properly serve the defendant. Id. In considering a motion to extend the time for service, the court "should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended." Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995). "If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service."[2] Veal v. U.S., 84 Fed. Appx. 253, 256 (3d Cir. 2004).

Plaintiff argues that plaintiff's first attorney, Mr. Molz, was reasonably diligent in attempting to effect service by contacting the department of transportation to find the

---

[1] At this time, the accident occurred 3.5 years ago and the statute of limitations has run on this claim.

[2] McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998) (citing Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 481 (3d Cir. 1993)). And appellate courts review decisions of whether good cause exists to extend the 120-day period under Rule 4(m) under an abuse of discretion standard. Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 570 n.4 (3d Cir. 1996).

defendant's new address and attempting service by regular and certified mail.  Mr. Molz primarily practiced in New Jersey and was "confused" about the service laws for plaintiffs who lived within Pennsylvania.[3]  For example, had the case been filed in New Jersey, service by certified mail to out-of-state defendants would be proper.  Plaintiff argues that this was simply a good faith mistake, which can be excused by the court because the defendant was not prejudiced by the delay, and that the statute of limitations would prevent the plaintiff from bringing her viable claim if the court were to dismiss the case.

Defendant argues that the Complaint should be dismissed because plaintiff's counsel did not properly serve the defendant in accordance with the federal rules and failed to timely perfect service after it filed its motion to reinstate.  Further, counsel for the defendant advised plaintiff's counsel of his representation, yet he never received the motion for reinstatement from plaintiff's counsel.  Plaintiff's counsel did eventually personally serve the defendant on October 15, which was fifteen days after the expiration of the court's ordered date for service.  Defendants do not dispute that they received notice of the lawsuit, albeit imperfect notice.

The Third Circuit discussed the "good cause" requirement in several ways relevant to the present case.  The court stated:

> We have equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.

---

[3] Mr. Molz has since ceased practicing in Pennsylvania and reassigned all of his cases to other attorneys.

MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).  The appellate court noted that the "absence of prejudice [to the defendant by late service] alone can never constitute good cause . . . .While the prejudice may tip the 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place."  Id.  The Third Circuit has evaluated the reasonableness for noncompliance with Rule 4(m) in a few circumstances.  It has upheld a district court's conclusion that a plaintiff's "disregard for . . . the 'technical niceties' of service of process" did not constitute good cause.  Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996).  It also concluded good cause will not be found based on "inadvertence," "half-hearted efforts by counsel," or "reliance upon a third party or on a process server."  Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995).

On the other hand, a district court found "good cause" existed where the plaintiff made "heroic" efforts to serve the defendant.  United States v. Nuttall, 122 F.R.D. 163, 167 (D. Del. 1988).  In Nuttall, the plaintiff mailed copies of the summons and complaint to the defendant on two occasions, process servers attempted to serve him personally eighteen (18) more times, and Deputy United States Marshals spoke to the defendant twice by telephone, and during one of those telephone calls, read the complaint aloud to him.  Id.

In Fochi v. Cester, 1996 U.S. Dist. LEXIS 17409 (E.D. Pa. Nov. 20, 1996), the court dismissed the complaint due to untimely service.  Plaintiffs' new attorney alleged good cause explaining that former counsel withdrew from the practice of law because of mental health problems.  In denying the motion, the court explained that although the

5

former counsel's health problems might provide some justification for the failure to make service of the complaint in compliance with Rule 4(m), that would scarcely justify extending the 120-day period permitted by the Rule to a one-year period. <u>Fochi</u>, 1996 U.S. Dist. LEXIS 17409.

    I agree with defendant that the plaintiff has not shown good cause simply by asserting that her first attorney was "confused" about Pennsylvania and New Jersey service of process laws. This is certainly not the type of "heroic efforts" displayed by the plaintiff in <u>Fochi</u>. Additionally, claiming that the defendant was not prejudiced because she received improper notice is not sufficient to overcome the need to show good cause.[4] Instead, courts primarily focus on the plaintiff's reasons for failing to comply with the time limit in the first place. Here plaintiff's reasons were not sufficient and plaintiff's actions were not reasonable.

    Plaintiff had the defendant's actual address by February 11, 2011, but proper service was not perfected until October 15, 2011, which is over nine (9) months later. Even after ordering that the plaintiff serve the defendant within thirty (30) days, proper service was still fifteen (15) days late. Plaintiff has not established good cause for the failure to make service of the Complaint until one year after it was originally filed. The circumstances as a whole illustrate well over a three year gap between the time of the accident and plaintiff's attempt merely to initiate a lawsuit against the defendant. Plaintiff's excuse that former counsel was simply confused about the service of process

---

[4] Defendant claims that she is prejudiced because she has not been able to prepare her case. Additionally, the Defendant's attorney even alerted the plaintiff's attorney that he would be representing the defendant and plaintiff's attorney never notified him of the Motion to Reinstate.

rules cannot forgive the systematic failures to comply a number of times with the federal rules and my Order.  As the third Circuit has held, "disregard for . . . the 'technical niceties' of service of process" cannot constitute good cause.  <u>Ayres</u>, 99 F.3d at 568.

### III.     Conclusion

For the reasons set forth in this memorandum, I will grant defendant's motion.

An appropriate Order follows.